**ESTELLE OIL CORPORATION OF TEXAS et al. v. MAGNOLIA PETROLEUM CO. et al.**

**No. 9344.**

Court of Civil Appeals of Texas. Austin.

March 10, 1943.

Rehearing Overruled March 31, 1943.

F. L. Kuykendall of Austin, for Appellants Estelle Oil Corporation and Burford Oil Co.

Gerald C. Mann, Atty. Gen., and James D. Smullen, Asst. Atty. Gen., for Railroad Commission of Texas.

Greenwood, Moody, & Robertson and J. B. Robertson all of Austin, Y. P. Broome of Tulsa, Okl., J. C. Wilhoit of Houston, Powell, Rauhut, & Gideon, and J. A. Rauhut, both of Austin, and Rex G. Baker, of Houston for appellees.

McCLENDON, Chief Justice.

Rule 37 case. The permit in issue was for well No. 4 upon a 1.58-acre lease in the East Texas oil field, granted as an exception to the rule to prevent confiscation of property and physical waste. At the conclusion of the evidence in a jury trial defendants moved for a directed verdict and plaintiffs moved for judgment, the former motion was overruled and the latter sustained. The court thereupon rendered judgment cancelling the permit and enjoining production thereunder. The permittee and the Railroad Commission have appealed.

Appellants have briefed the case upon a single point urging error in withdrawing the case from the jury because the testimony "was conflicting on material issues of fact." There was no basis whatever for the permit on the prevention of waste theory, and that issue is not briefed. The sole question which the appeal presents is whether there was substantial evidence that well No. 4 was needed to prevent confiscation of permittee's property, that is, whether it was needed in order to protect permittee's

802

right to obtain its fair share of the recoverable oil, or its equivalent, underlying its lease.

The 1.58-acre tract consisted of a tract of 1.31 acres, 100 feet wide by about 600 feet long, a part of the M.P. right of way, and a contiguous tract of .27 of an acre abutting the eastern end of its north line 50 feet wide by about 220 feet long. Title to the .27-acre tract was in dispute. Upon the 1.31-acre tract there were already 3 producing wells. The evidence conclusively showed that with the 3 wells the lease had an advantage in density over eight times the surrounding area whether based upon the 1.58 or 1.31 acreage; and that (based upon either acreage and with only the 3 existing wells) it had a net drainage advantage over surrounding leases from the equidistant offset viewpoint. There was some excess drainage on the eastern end of the lease, but this was more than compensated by excess drainage to the lease from other directions. In one place in his direct testimony Gordon Griffin, defendants' only witness upon the issue, testified that from the overall picture net drainage was away from the lease. Upon cross-examination, however, he conceded the correctness of the above factual situation, and the necessary conclusion therefrom that the net drainage advantage was with the lease in question. The conclusive evidence therefore established that well No. 4 was not necessary to prevent confiscation of permittee's property. Atlantic Oil Production Co. v. Railroad Commission, Tex.Civ.App., 89 S.W.2d 655, and numerous other cases to the same effect.

The trial court's judgment is affirmed.

Affirmed.